95 N.J. Super. 192 (1966)
230 A.2d 506
KARL KRIGSMAN, PLAINTIFF-APPELLANT,
v.
BEACH CONCRETE COMPANY, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1966.
Decided June 3, 1966.
*193 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Leslie S. Kohn argued the cause for appellant.
Mr. Raymond L. Cunneen argued the cause for respondent.
PER CURIAM.
Plaintiff Karl Krigsman, while working at the site of a building under construction in Newark, was hit by the fall of a piece of lumber. He sued defendant Beach Concrete Company, Inc. (Beach), a subcontractor on the job, alleging that the wood was caused to fall by its negligence. At the conclusion of the jury trial, there was a verdict of no cause for action. Plaintiff appeals.
At the time of the accident, plaintiff was employed as a carpenter by W.L. Blanchard Co. (Blanchard), the general contractor. The latter gave Beach a subcontract to do all *194 the concrete structural work. The piece of wood which struck plaintiff was about three to four and a half feet in length and cut from 3" x 4" material. Beach used such 3" x 4" stock to support plywood by which concrete slabs were formed as floors for the building.
There is no essential disagreement concerning activity at the premises just before the mishap. Plaintiff was working in an airshaft below ground level. Beach was engaged in the erection of forms for the third floor. Other subcontractors were responsible for installations in the forms prior to the pouring of concrete. These included plumbers who would insert boxes or sleeves for floor penetration, electricians for the placement of boxes and outlets, lathers and air conditioning men. At the time of the accident, Beach had about 50-60 men working and Blanchard had about 13. In addition there were 11 electricians, two air conditioning men, two lathers and one plumber, all employed by other subcontractors.
The grounds urged by plaintiff for reversal are predicated upon the court's charge. We turn at once to that part where the jury was instructed concerning the duty of Blanchard as follows:
"The owner of the premises generally places the general contractor in physical control of a job site. By virtue of this control the general contractor is under a duty to exercise reasonable care to maintain the premises in a reasonably safe condition; that is, the general contractor must exercise reasonable care for the safety of workmen to see that they are not injured by any dangerous conditions actually known by it and of dangerous conditions which the general contractor would discover by the exercise of reasonable care.
These are several provisions of the Safety Code for the construction industry which are applicable in this case. They apply to the general contractor, Blanchard, by whom the plaintiff, Mr. Krigsman, was employed and who, under the law, had exclusive control of the job site, and to such others who may be at the job site, as the law may set forth.
One of the provisions, and for the record I will cite the citation, is R.S. 34:5-36, and it provides as follows: [The court then read that section and sections 34:5-39, 34:5-12, 34:5-13 and 34:5-75] * * *.
These provisions are called to your attention so that you may determine whether or not the accident was caused by the negligence of *195 Blanchard, the general contractor, by the defendant, Beach Concrete Company, Inc. or someone else who may have been in or about the job." (Emphasis supplied)
Blanchard was not a party to the suit. There was no reason for framing an issue as to its negligence, especially negligence predicated upon violation of the statute. The only issue was the liability of Beach irrespective of any fault on the part of Blanchard, and that was predicated upon the narrow question whether Beach or its agents were responsible for the fall of the wood. Blanchard's concurrent negligence, if any, was immaterial.
The effect of the quoted portion of the charge was to submit to the jury the question whether Blanchard was negligent and to imply that if Blanchard was negligent, Beach was not. We conclude that this was prejudicial error. It had the capacity to mislead the jury into the belief that negligence vel non of Blanchard could exculpate Beach. The cause must therefore be remanded for a new trial.
We agree with the trial court's determination that the proofs did not make out a case of res ipsa loquitur because the element of exclusive control in defendant was lacking. It is true that a plaintiff is not required to exclude all other persons who might possibly have been responsible where a defendant's negligence appears to be the more probable explanation of the accident. But res ipsa loquitur is not applicable where, as here, it is equally probable that the negligence was that of someone other than defendant. Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 273 (1958). The mere fact that the piece of wood belonged to Beach did not support the probability that Beach was responsible for its fall so clearly as to justify a charge based on res ipsa loquitur. The object could well have been disturbed by or have fallen from the hands of an employee working for Blanchard or one of the other subcontractors.
We find no merit in the other points presented by plaintiff.
Reversed and remanded.